JONATHAN T. ETHELL,

        Plaintiff,

        v.

JOHN T. BOYD, *et al.*,

        Defendants.

CAUSE NO. 3:19-CV-1063-DRL-MGG

## OPINION AND ORDER

Jonathan T. Ethell, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Ethell, a pretrial detainee, alleges that, on November 1, 2019, inmates at the LaPorte County Jail received hair clippers. When Mr. Ethell asked for disinfectant to prevent the risk of communicable diseases, jail staff refused. Based on these allegations, he asserts a claim against Sheriff Boyd, Captain Ott, and Sergeant Wilcher. Because Mr. Ethell is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). The "Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to

punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* "[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Mr. Ethell does not describe how the individual defendants were personally involved in refusing to provide disinfectant. Therefore, he may not proceed against the defendants on these allegations.

Nevertheless, Mr. Ethell may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. He must describe his interactions with each individual defendant in detail, including names, dates, location, and explain how each defendant was responsible for harming him.

For these reasons, the court:

(1) GRANTS Jonathan T. Ethell until <u>January 6, 2020</u> to file an amended complaint; and

(2) CAUTIONS Jonathan T. Ethell that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

December 10, 2019                                    *s/ Damon R. Leichty*
                                                      Judge, United States District Court